## FOWLER v. AMERICAN MAIL LINE, LIMITED.

### No. 7143.

Circuit Court of Appeals, Ninth Circuit.

March 16, 1934.

---

H. W. Hutton, of San Francisco, Cal., for appellant.

Keith R. Ferguson, of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellant has appealed from the decree of the trial court dismissing his libel filed against appellee. Appellant seeks to recover damages from the American Mail Lines, Limited, appellee herein, owner of the steamship "President McKinley" on which appellant was employed as saloon watchman, under section 712 of title 46 USCA, which is as follows:

"Flogging and all other forms of corporal punishment are prohibited on board of any vessel, and no form of corporal punishment on board of any vessel shall be deemed justifiable, and any master or other officer thereof who shall violate the aforesaid provisions of this section, or either thereof, shall be deemed guilty of a misdemeanor, punishable by imprisonment for not less than three months nor more than two years. Whenever any officer other than the master of such vessel shall violate any provision of this section, it shall be the duty of such master to surrender such officer to the proper authorities as soon as practicable, provided he has actual knowledge of the misdemeanor, or complaint thereof is made within three days after reaching port. Any failure on the part of such master to use due diligence to comply herewith, which failure shall result in the escape of such officer, shall render the master or vessel or the owner of the vessel liable in damages for such flogging or corporal punishment to the person illegally punished by such officer."

Appellant contends that the injuries he sustained at the hands of Fourth Officer Gill on the night of June 29, 1932, were the result of corporal punishment; that the master knew of the incident and failed to surrender Fourth Officer Gill to the proper authorities upon arrival in San Francisco at the end of the voyage as a result of which failure Gill escaped; and that appellee thus became liable for damages resulting from said corporal punishment under the above-quoted section.

At about 10 p. m. on June 29, 1932, while the vessel President McKinley was on the high seas, appellant went to the wheel house to make his hourly report and to take the customary lunch for the officer on duty. Not finding him there appellant went to the chart room close by and left the lunch on the table and then proceeded to the flying-bridge. It was a very dark night and no lights were allowed on the bridge. Appellant's testimony is that as he reached the top of the ladder leading to the flying bridge he called out "Saloon watchman," the customary report, and was instantly seized by the throat by Fourth Officer Gill, the officer on watch, who called him a "dirty rat," choked him, and then threw him to the deck of the flying-bridge, fracturing a rib, and injuring his legs as well as causing severe nervous shock. Fourth Officer Gill testified that appellant made no announcement of his approach and that the first he knew of his approach he felt a hand on his groin; that he swung around with arms extended, striking appellant on the chest, and thus knocking him to the deck of the bridge; that until appellant was lying on the deck he did not know who he was. The master of the vessel, Capt. Carey, heard the moaning of appellant and went to the flying-bridge to see what the trouble was. He testified that appellant and Gill each accused the other of attacking him. Capt. Carey ordered appellant to go below, which he did, unassisted. There is some evidence in the apostles of ill feeling between Gill and appellant prior to this time, but there is no evidence that there had ever been any trouble between them arising out of their respective employments on the vessel or that appellant was not satisfactorily performing his duties as saloon watchman.

The trial court found that appellant and the fourth officer, C. H. Gill, engaged in a fight on the flying-bridge of the vessel on the night of June 29, 1932, during which appellant received injuries, but that the fourth officer did not flog or inflict corporal punishment upon the appellant and the fight between appellant and the fourth officer was the result of a private difference and personal quarrel between them. If the fact that

the motives which prompted the action of the fourth officer were purely personal and in no way connected with his employment on the vessel prevents the action from coming within the prohibition of the statute referred to, then, of course, there could be no liability on the part of the owner of the vessel, and the trial court properly dismissed the libel.

Corporal punishment is defined in Black's Law Dictionary as "physical punishment as distinguished from pecuniary punishment or a fine; any kind of punishment of or inflicted on the body, such as whipping or the pillory; the term may or may not include imprisonment according to the context."

[1-3] Punishment is generally defined in the dictionaries as pain or any other penalty inflicted on a person for a crime or offense by an authority to which the offender is subject. In order for the acts complained of to constitute corporal punishment within the meaning of the statute, they must have been done by virtue of an authority to which appellant was subject. When Gill departed from his duty as an officer of the vessel and inflicted bodily harm upon appellant solely because of a purely personal motive, it cannot be said that such action comes within the meaning of the statute. Fights resulting from private differences and personal quarrels between officers and seamen which have nothing to do with their employment on the vessel do not come within the purview of the statute. Although conflicting in some particulars, the evidence in the apostles supports the findings of the trial court. No corporal punishment having been inflicted upon appellant by Fourth Officer Gill, no liability could attach to appellee as the owner of the vessel and the decree of the trial court must be affirmed.

Decree affirmed.